■ ROBERT L. ANDREW, Appellant, v JOHN J. ROTH, JR., et al., Respondents.— Appeal (1) from a judgment of the Supreme Court in favor of defendants, entered January 11, 1980 in Chemung County, upon a decision of the court at a Trial Term, without a jury, and (2) from an order of said court, entered January 10, 1980, which denied plaintiff's motion to set aside the judgment. By written contract the plaintiff agreed to sell to the defendants certain property located on Olcott Road in Chemung County for $45,000. The defendants were to pay $37,000 in cash and the balance by conveying to the plaintiff "five acres of land on Hickock Road" in Steuben County. At the closing, in June, 1975, all conditions of the contract were fulfilled, except the conveyance of the Hickock Road property. The defendants gave the abstract of title to the property to the plaintiff, an attorney, who agreed to draw the deed. Several months thereafter, the plaintiff, who had difficulty in regard to the boundaries of that property, requested and received a survey, at the defendants' expense. The plaintiff, however, refused to accept a deed prepared in accordance with the survey description or one prepared in accordance with the abstract description, claiming that the property he purchased was not the property described in either instrument, and he commenced this action to recover $8,000, representing the money difference due him on the purchase price. At trial, the plaintiff based his refusal to accept a deed on the unmarketability of the property in respect to (1) an ambiguity regarding its western boundary and (2) the existence of a gore shown on the survey map along the northern boundary of much of the land to be conveyed to him, which would block the plaintiff's only access to the useable portion of the lot, since the frontage thereof is swampland. The trial court concluded that the dispute as to the western boundary of the property involved an inexplicable reference to running along a nonexistent hedgerow, when it was the southern boundary that ran along a hedgerow, but that, despite such misdescription, the error was minor, for the western boundary was clearly fixed by the 505 feet of frontage intended to be conveyed. The trial court further held that there was no gore encumbering the property since deeds into the defendants and their grantor plainly indicated that a driveway on the northern boundary of the parcel, the title to which was in an adjoining land owner, was the northern boundary of the property. On both grounds the trial court correctly determined that the title to the subject parcel was marketable and the plaintiff was not justified in refusing to accept a deed thereto. Based on this conclusion the complaint was properly dismissed. The plaintiff also contends that he was entitled to judgment, since time was of the essence of his contract. No factual basis exists for this contention. Furthermore, the issue of untimeliness was not raised at Trial Term and that issue has not been preserved for review on this appeal *(Martin v Bankers Trust Co. of Albany, N. A.,* 51 AD2d 411, 413-414). The judgment and order appealed from should be affirmed. Judgment and order affirmed, with costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.