◼ CARL C. BORNTRAGER et al., Appellants, v COUNTY OF DELAWARE et al., Respondents.—Appeal (1) from orders of the Supreme Court at Special Term, entered September 28, 1979 in Delaware County, which granted defendants' motion to dismiss the complaint for failure of plaintiffs to allege proper service of the notice of claim, and (2) from the judgments entered

thereon. This action arises out of repairs to a highway and the straightening of a stream, both of which cross through plaintiffs' property which consists of approximately 167 acres. The highway had been damaged by a severe rain storm, and while repairing the highway, defendants entered plaintiffs' property and changed the course of the stream so that it no longer meandered under the highway at four different locations, but, instead, ran parallel to the highway. The primary issue presented by this appeal is whether the amended complaint states a cause of action in *de facto* condemnation. A *de facto* taking "requires a physical entry by the condemnor, a physical ouster of the owner, a legal interference with the physical use, possession or enjoyment of the property or a legal interference with the owner's power of disposition of the property" (*City of Buffalo v Clement Co.,* 28 NY2d 241, 255). In our view, plaintiffs' allegations that their property was appropriated by a *de facto* condemnation when defendants entered their property and diverted and rearranged the stream, thereby altering its natural flow, depriving access to approximately 35 acres of plaintiffs' land, and destroying its value as a trout stream, set forth a cause of action in *de facto* condemnation for the permanent appropriation of a portion of plaintiffs' land (see *Hylan Flying Serv. v State of New York,* 54 AD2d 278, 280). Such an action is not founded in tort, and, therefore, under subdivision 3 of section 67 of the Town Law, compliance with the notice of claim provisions of section 50-e of the General Municipal Law is unnecessary (*Torino v Town of Pleasant Val.,* 36 AD2d 963). Leave is hereby granted to plaintiffs to file an appraisal report pursuant to the rules of practice of this department. Orders and judgments reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.