■ CARL C. BORNTRAGER et al., Appellants, v COUNTY OF DELAWARE et al., Defendants, and TOWN OF HANCOCK, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Zeller, J.), entered March 11, 1983 in Delaware County, which, *inter alia,* granted defendant Town of Hancock's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. The facts underlying this dispute were set forth

when this case was previously before us (76 AD2d 969). At that time, we held that plaintiffs' allegations made out a cause of action in *de facto* condemnation and further granted leave to plaintiffs to file an appraisal report pursuant to this department's rules of practice (*id.*, at p 970; see 22 NYCRR 839.2). The record reveals that the parties to this appeal undertook no further activity in this litigation vis-à-vis each other until on or about March 3, 1982, when defendant Town of Hancock served a notice of filing of an appraisal report and also demanded that plaintiffs file an appraisal report or the town would seek dismissal of the action. The Administrative Judge for the Sixth Judicial District was forwarded the town's appraisal report. In reply, the Administrative Judge, by letter dated March 4, 1982, informed the parties that more than six months had elapsed since the action was commenced (and since this court's decision cited above) and that any party wishing to file an appraisal report should seek an order extending the filing deadline (see 22 NYCRR 839.2 [e]). By letter dated April 20, 1982, the Administrative Judge returned the town's report as untimely, informed the parties that no report had been received from plaintiffs and declared all parties in default in filing timely reports. Not much activity thereafter occurred until the town moved, in February, 1983, for summary judgment on the ground that plaintiffs' failure to file a timely appraisal report prevented them from establishing any damages because 22 NYCRR 839.2 (d) limits proof of value to matters set forth in the appraisal reports. Plaintiffs cross-moved for permission to file late appraisal reports. Special Term granted the town's motion for summary judgment, dismissed the complaint as to the town and denied plaintiffs' cross motion, finding that plaintiffs failed to establish good cause to extend the filing period. This appeal followed. Initially, we note that plaintiffs admit in their brief that their first two points on this appeal were not raised at Special Term. Thus, these issues were not preserved for review on this appeal and we need not address them (see, e.g., *Andrew v Roth,* 78 AD2d 956, mot for lv to app den 52 NY2d 706, app dsmd 52 NY2d 999). Even if we were to address these points, however, we would decide them adversely to plaintiffs. When this case was before us previously, we specifically granted permission to plaintiffs to file appraisal reports in accordance with the rules of this department (76 AD2d 969, 970, *supra*). Thus, the filing requirements of 22 NYCRR 839.2 did apply to this action. Furthermore, we would not hold that the parties waived any rights to obtain judgment against any other party on the ground that both parties failed to meet the filing requirements of 22 NYCRR 839.2. Plaintiffs have been given ample notice and opportunity by the town and the Administrative Judge to file their appraisal reports, and their failure to do so for almost three years after this court granted them leave to file such reports is inexcusable and not corrected by submitting a six-year-old appraisal as an exhibit to their attorney's affidavit opposing summary judgment. Indeed, plaintiffs' attorney admits that he has "not proceeded with diligence". His explanation that he was awaiting resolution of an insurance coverage declaratory judgment action is belied by the affidavit of the insurer's attorney, which makes clear that plaintiffs' attorney had not sought information regarding the insurance coverage action since 1979 and that all parties had agreed to go forward with this action without regard to the insurance coverage action. Moreover, although the town might have acted sooner, it was the party that moved this matter forward by filing an appraisal, demanding that plaintiffs file an appraisal, and moving for summary judgment. Accordingly, plaintiffs cannot now reasonably claim that the town has failed to pursue the action and, thus, waived its right to seek judgment. Finally, we conclude that plaintiffs' contention that a money sanction would be more appropriate than granting summary judgment to the town is without merit. Even if CPLR 2005 applies herein, although appraisal

reports cannot be considered to be pleadings to which CPLR 2005 is directed, plaintiffs' total failure to move this action forward for some three years, even after the town and the Administrative Judge urged them to proceed, has not been adequately explained, as noted above. Thus, it was not inappropriate for Special Term to grant summary judgment to the town against plaintiffs (see *Bernard v City School Dist.*, 96 AD2d 995, 996). Order and judgment affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.