CHARLES VAN NOSTRAND, Respondent, v TOWN OF DENNING, Appellant, et al., Defendant.

Third Department, December 3, 1987

### APPEARANCES OF COUNSEL

*Berger, Friedman & Coburn (Jay L. Samoff* of counsel), for appellant.

*Qualtere, Graham & Redder (Peter C. Graham* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J. P.

Since about 1974, plaintiff has owned approximately 40 acres of vacant land fronting on Dinch Road in defendant

Town of Denning in Ulster County,* and has received income from sales of maple syrup and wood derived from the property. Access to this land was provided by a bridge over the Neversink River on Dinch Road. In early 1980, a flood damaged the Dinch Road bridge and, later that year, plaintiff, as a then member of defendant's Town Board, moved that defendant abandon the road, although plaintiff's motivation for doing such was apparently to get the State to fix the bridge.

In 1981, defendant barricaded the bridge and, later that year, another flood damaged the bridge rendering it impassable. Plaintiff claims that without this bridge, his property has no access, although defendant asserts that Dinch Road provides defendant with access from the opposite direction, and it further appears that plaintiff's property is divided by Denning Road. On February 28, 1983, without notice or hearing, defendant issued a certificate of qualified abandonment for that portion of Dinch Road including the bridge. Defendant claims that it has performed no maintenance to this portion of Dinch Road since 1976 and that the road's condition has not changed during this time, but plaintiff asserts that defendant ceased maintaining the road much more recently.

On April 5, 1983, after several informal requests dating back to 1979, plaintiff formally requested defendant's Town Board to repair the bridge or to maintain Dinch Road from the other end. At its May 1984 meeting, defendant's Town Board refused to rebuild the bridge. Thereafter, on or about August 29, 1984 according to plaintiff, and sometime after August 22, 1984 according to defendant, plaintiff served a summons and complaint alleging three causes of action. The first seeks damages for the alleged reduction in value of plaintiff's property and for the loss of income derived from the alleged inaccessible property; the second seeks a declaration annulling defendant's February 28, 1983 qualified abandonment of a portion of Dinch Road; and the third seeks an injunction compelling defendant to rebuild the bridge. Following defendant's answer and the completion of certain discovery, defendant moved for summary judgment. Supreme Court, finding issues of fact without further elaboration, denied the motion. This appeal by defendant followed.

■ On the first cause of action, defendant claims that

---

* Plaintiff's allegations against defendant County of Ulster have apparently been dismissed and are not at issue on this appeal. Our references to defendant are only to Town of Denning.

plaintiff failed to serve or allege service of a notice of claim, as required by Town Law §§ 65-a and 67 (1) and General Municipal Law § 50-e. Plaintiff, relying on *Borntrager v County of Delaware* (76 AD2d 969), argues that no notice of claim was necessary because this cause of action is essentially for de facto condemnation. We reject plaintiff's argument as the requisite elements for de facto condemnation are not apparent *(see, City of Buffalo v Clement Co.,* 28 NY2d 241, 255). In this regard, plaintiff has admitted that he has access to his property from the 300 feet of frontage on Denning Road and, thus, he has not alleged or shown a sufficient interference with his use and enjoyment of the property to constitute de facto condemnation *(see, supra).* Accordingly, in the absence of the required notice of claim, Supreme Court should have dismissed the first cause of action.

◼ The second cause of action seeks annulment of defendant's qualified abandonment on the ground that defendant failed to follow the lawful procedure specified in Highway Law § 205 (2). This claim raises an issue in the nature of mandamus under CPLR 7803 (3) and, accordingly, the four-month limitations period of CPLR 217 is applicable *(see, e.g., Lenihan v City of New York,* 58 NY2d 679, 682; *Solnick v Whalen,* 49 NY2d 224; *Langham v State of New York,* 124 AD2d 405, 406, *lv denied* 69 NY2d 605). A prerequisite to a proceeding in the nature of mandamus is a demand and refusal, and the four-month period does not begin to run until the refusal is made *(Austin v Board of Higher Educ.,* 5 NY2d 430, 442). In this case, plaintiff has failed to allege or show that he has made any demand that defendant follow the proper procedure. Consequently, plaintiff cannot maintain this challenge, and Supreme Court should have dismissed the second cause of action.

◼ The third cause of action seeks an injunction compelling defendant to rebuild the bridge because it failed to follow proper procedure and to perform an act required by law. Defendant argues that this is essentially a CPLR article 78 claim, which is barred by the four-month Statute of Limitations. Regardless of whether this claim is characterized as one under CPLR article 78 or one in equity governed by the six-year limitations period of CPLR 213 (1) as claimed by plaintiff, we conclude that it is timely. The final decision of defendant's Town Board not to rebuild the bridge was made at its May 1984 meeting, and defendant, the moving party, has offered no proof to show that service occurred more than four months

after the May 1984 meeting, while plaintiff asserts that service was accomplished on or about August 29, 1984, within four months of May 1, 1984 and certainly within six years of the meeting. Therefore, this claim is timely, whether measured by either statute.

We further find that the record contains numerous factual issues concerning whether the elements of estoppel, waiver and abandonment of Dinch Road have been satisfied. For example, it is unclear whether plaintiff should be estopped because defendant justifiably relied on plaintiff's suggestion to abandon Dinch Road and suffered detriment therefrom (see, e.g., Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184), especially in light of plaintiff's claims that his suggestion was designed to have the State pay for repairing the bridge and that he has been asking for repair of the bridge since 1979. Likewise, the parties have presented conflicting versions of the use and maintenance of Dinch Road, which makes it inappropriate for us to make a determination of abandonment under Highway Law § 205 (1) on this motion for summary judgment. These issues require a trial for determination.

MIKOLL, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order modified, on the law, with costs to defendant Town of Denning, by reversing so much thereof as denied said defendant's motion for summary judgment on the first two causes of action; summary judgment granted as to the first two causes of action and said causes of action dismissed; and, as so modified, affirmed.