■ In the Matter of CHARLES R. VAN NOSTRAND, Respondent, v BOARD OF ASSESSORS et al., Appellants. (And Two Other Related Proceedings.)—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 29, 1986 in Ulster County, which, *inter alia,* granted petitioner's applications, in proceedings pursuant to RPTL article 7, to annul the determinations of respondents terminating petitioner's agricultural exemptions for certain premises.

Petitioner is the owner of several tracts of land in respondent Town of Denning in Ulster County, all of which were used for agricultural production in 1981. These proceedings concern a 39-acre parcel which is not contiguous to the other parcels and is located about three miles from petitioner's main farm operation. Petitioner gained access to the parcel by way of Bench (or Dinch) Road Bridge. However, the bridge was washed out in 1981 and has never been repaired. At that time, petitioner ceased using the parcel for farming, claiming that he no longer had practical access to it.

At the time of the washout of the bridge, petitioner held an agricultural exemption on the parcel pursuant to Agriculture and Markets Law former § 306. This exemption remained until preparation of the assessment roll for the 1983-1984 school taxes and 1984 property taxes was prepared. On this roll the exemption was eliminated on the ground that the parcel was no longer being used for agricultural production. The Town Assessor was apparently alerted to this fact when, on February 10, 1983, petitioner presented to the Town Planning Board a preliminary plan to subdivide the parcel.[1] Petitioner's administrative challenge to the Town Assessor's deter-

---

1. The Town Planning Board eventually denied petitioner's application on the ground that the town had decided not to repair the bridge and to abandon the road, thereby eliminating access to certain of the proposed lots.

mination was rejected. The same scenario was repeated for the 1984-1985 school and 1985 property tax year, and the 1985-1986 school and 1986 property tax year. Thereafter, petitioner sought judicial review via proceedings pursuant to RPTL article 7.

Supreme Court held that the application to the Town Planning Board did not constitute a change in use. Further, since petitioner's inability to continue farming the parcel after 1981 was due to the town's determination not to repair the bridge, petitioner could not be held to have changed the use of the land. Thus, Supreme Court found that the land was still in use for agricultural production.[2] Respondents now appeal.

Agriculture and Markets Law former § 306 (1) provided that the exemption at issue was available for land "used in agricultural production" where the applicant "continue[s] to use such land exclusively for agricultural production for the next succeeding eight years". Here, there is no question that the parcel was not used for agricultural production after the bridge washed out in 1981. The exemption is keyed to continued use of the land for agricultural production. The exemption is continued only as long as the parcel is so used. The reason that the land is no longer committed to that use is immaterial. Thus, Supreme Court incorrectly held that petitioner was entitled to the exemption.

The fact that petitioner did not *intentionally* change the use of the parcel is relevant in an analysis of Agriculture and Markets Law former § 306 (2), which provided for a penalty to the taxpayer where the agricultural use is terminated before the eight-year period. That statute spoke in terms of the owner *converting* the use of the land and stated that such conversion in use constitutes a breach of the commitment. Thus, unlike the portion of the statute which created the exemption, which simply dealt with the continued use of the land for farming, this section contemplates an affirmative act by the owner to change the use. This distinction is made clear by the language in the penalty provision stating that a change in use due to, *inter alia,* a taking by eminent domain or other involuntary proceeding does not constitute a breach of the

2. Supreme Court upheld the denial of the exemption for the first tax year at issue since the gross sales from *all* of petitioner's land for the preceding two years did not meet the statutory minimum. Because we find that the land was not in use for agricultural production, we do not address the propriety of Supreme Court in including all of petitioner's land for purposes of determining whether the threshold amount was met *(see,* 9 NYCRR 194.1 [k]).

commitment. We note in this regard that petitioner commenced an action against the town claiming, *inter alia,* that the decision not to repair the bridge and to abandon the road left his parcel landlocked and amounted to a de facto condemnation *(see, Van Nostrand v Town of Denning,* 132 AD2d 93). Regardless of the merits of that claim, it is clear that petitioner's discontinuance of the use of the parcel for agricultural production did not result from a conversion of use by petitioner. Thus, while petitioner is not entitled to an exemption for the tax years at issue, neither is he liable for a penalty.

Judgment modified, on the law, without costs, by reversing so much thereof as granted petitioner's applications involving the school tax for the years 1984-1985 and 1985-1986 and the general tax for the years 1985 and 1986; petitions dismissed in their entirety; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.

