■ In the Matter of JOHN PEZZO et al., Respondents, v JOY MAZZETTI, as Assessor of the Town of Lloyd, Appellant. [609 NYS2d 699] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered December 1, 1992 in Ulster County, which, in a proceeding pursuant to RPTL article 7, denied respondent's motion for summary judgment dismissing the petition.

On April 13, 1989 petitioners' predecessors in interest purchased a parcel of land located in the Town of Lloyd, Ulster County, which was formerly used as an apple orchard. On April 18, 1989 petitioners' predecessors in interest obtained subdivision approval from the Town. At that time the subdivision was subject to an agricultural exemption for purposes of determining the amount of property taxes *(see,* Agriculture

and Markets Law § 305 [1]). A road was built to provide access to the subdivision lots. On May 24, 1989 petitioners purchased lot Nos. 7 and 12 on Macks Lane within the subdivision. Subsequently, an undetermined number of apple trees were cut down on these two lots and construction markings for a house and driveway were put in on each lot. On November 30, 1989 and April 26, 1990 the Town issued building permits for lot Nos. 12 and 7, respectively. During periodic field inspections relating to these building permits, an employee of the Town's building department observed that no construction had begun on these lots as of March and April 1990. In the summer of 1990, respondent, then an employee of the Town Assessor's office, reported that utility hookups had been placed on the lots, which indicated to her that construction had commenced.

By notices dated July 30, 1991, petitioners John Pezzo and Kathy Pezzo, owners of lot No. 7, and petitioners James Pezzo and Claudia Pezzo, owners of lot No. 12, were advised that agricultural "rollback" penalties in the amounts of $985.33 and $787.13, respectively, were being added to the 1991 assessment roll (to be collected as additional taxes to the 1991-1992 school and 1992 County and Town taxes). Petitioners' administrative challenge was denied and they commenced this RPTL article 7 proceeding alleging that, because the land was converted to nonagricultural use in 1989, any "rollback" penalty taxes should have been calculated and assessed on the 1990 tax roll (see, Agriculture and Markets Law art 25-AA). Respondent thereafter moved for summary judgment dismissing the petition and petitioners cross-moved for summary judgment. Supreme Court found, inter alia, that disputed issues of material fact existed and denied both motions. Respondent appeals.

Initially, we note that this proceeding is governed by RPTL article 7 and not CPLR article 78. Agriculture and Markets Law § 305 (former [1] [d] [iii] [b]) provided that "[l]iability for penalty taxes shall be subject to administrative and judicial review as provided by law for review of assessments", that being RPTL article 7 (see, RPTL 706 [1]). Furthermore, because Supreme Court's order was not final, an appeal would not lie as of right under CPLR article 78 (see, CPLR 5701 [b] [1]) but does lie under RPTL article 7 (see, RPTL 724).

Exempted land is subject to penalty taxes only upon its

"conversion" to nonagricultural use.* Here, the mere filing of the subdivision plan did not constitute a conversion *(see,* 8 Opns Counsel SBEA No. 67), though it may have signaled the owners' intent to abandon the exemption for agricultural use. Conversion is defined as "an outward or affirmative act changing the use of agricultural land and shall not mean the nonuse or idling of such land" (Agriculture and Markets Law § 301 [8]). Thus, petitioners' lots were converted at the point they could no longer be used for agricultural production *(see, Matter of Van Nostrand v Board of Assessors,* 139 AD2d 790; 8 Opns Counsel SBEA No. 67), which in this case is for the production of fruit. A genuine triable issue of fact exists as to whether the clearing of some or all of the fruit trees, together with the marking of the lots, effected a sufficient change in the use of the lots such that they could no longer be used for agricultural production. Competing inferences are reasonably capable of being drawn as to whether petitioners' conduct constituted a conversion under the circumstances of this case and Supreme Court therefore properly denied summary judgment *(see, Myers v Fir Cab Corp.,* 64 NY2d 806, 808).

Mercure, White and Weiss, JJ., concur.

Casey, J. (dissenting). The relevant statutory scheme provides for the levy of penalty taxes "on the assessment roll prepared on the basis of the first taxable status date on which *the assessor considers the land to have been converted"* (Agriculture and Markets Law § 305 [former (1) (d) (i)] [emphasis supplied]; *see,* Agriculture and Markets Law § 306 [2] [a]). In view of the discretion statutorily granted to an assessor to "consider" when the land had been converted from agricultural use, the issue raised by this proceeding is not when petitioners' land was converted from agricultural use, but rather the issue is whether there is a rational basis in the record to support respondent's conclusion as to when the conversion from agricultural use occurred. Respondent concluded that the conversion occurred when actual home construction began on the property in the late spring or early summer of 1990. Such a conclusion is consistent with the definition of conversion as "an outward or affirmative act changing the use of agricultural land and shall not mean the nonuse or idling of such land" (Agriculture and Markets Law § 301 [8]), and there is evidence in the record that actual

---

* The penalty tax is then levied or applied on the next assessment roll after the conversion is found to have taken place by an assessor *(see,* Agriculture and Markets Law § 305 [former (1) (d) (i)]).

construction began in the late spring or early summer of 1990. Assuming that the evidence is such that reasonable minds could differ as to the date of the conversion, thereby raising a factual question, the evidence nonetheless provides the necessary rational basis for respondent's conclusion. That reasonable minds might reach a conclusion contrary to that reached by respondent does not render respondent's conclusion irrational. Accordingly, I would reverse Supreme Court's order, grant the motion for summary judgment and dismiss the petition.

Ordered that the order is affirmed, with costs.