■ In the Matter of THEODORE LL., Appellant, v PETER D. PHELAN, as Commissioner of St. Lawrence County Department of Social Services, et al., Respondents. [678 NYS2d 921] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 4, 1998 in St. Lawrence County, which, *sua sponte*, transferred petitioner's habeas corpus application to the Family Court of St. Lawrence County.

Shortly after receiving the results of certain blood-genetic marker tests, which determined that there was a 99.85% probability that petitioner was the biological father of the child who is the subject of this proceeding, petitioner applied to Supreme Court for a writ of habeas corpus alleging that the child, who apparently was in the custody of the St. Lawrence County Department of Social Services, was being held illegally and should be released to his custody. Supreme Court transferred this matter to the St. Lawrence County Family Court, which apparently was entertaining other applications relative to the child's support and custody.[1] Petitioner now appeals, contending that the transfer constituted an abuse of discretion.[2]

CPLR 7011 provides, in pertinent part, that "[a]n appeal may be taken from a judgment refusing to grant a writ of habeas corpus or refusing an order to show cause issued under [CPLR 7003 (a)], or from a judgment made upon the return of

1. We note that the record on appeal contains a copy of a support petition filed against petitioner in July 1997, and petitioner concedes in his brief that "there were and are proceedings in the St. Lawrence County Family Court pertaining to the subject child".

2. We have not considered any of the materials contained in the supplemental record submitted by respondent Commissioner of the St. Lawrence County Department of Social Services (hereinafter respondent), nor have we considered any of the materials included in respondent's appendix that were not part of the record before Supreme Court.

such a writ or order to show cause". Supreme Court did not deny petitioner's application, however; it simply transferred the matter to Family Court without ever reaching the merits. As no appeal lies from an intermediate order in a habeas corpus proceeding (*see, Matter of Olu S. v New York City Commr. of Social Servs.*, 237 AD2d 294, *lv dismissed* 90 NY2d 888, *cert denied sub nom. Abidekun v Commissioner of Social Servs. of City of N.Y.*, 523 US 1098), the instant appeal must be dismissed (*see, id.*). Were we to reach the merits, we would conclude that Supreme Court's decision to transfer petitioner's application to Family Court, which plainly has jurisdiction over this matter (*see,* Family Ct Act § 651 [a]), was entirely appropriate under the circumstances.

Mercure, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the appeal is dismissed, without costs.