■ GENE YAUCHLER, Appellant, v JOSEPH SERTH, Respondent. [980 NYS2d 609]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Reilly Jr., J), entered August 2, 2012 in Schenectady County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

In October 2005, defendant sold plaintiff a parcel of lakefront property. In the deed, defendant reserved to himself certain rights to the use and "stewardship" of a boat launch area and agreed to assume certain responsibilities related to those rights. Plaintiff commenced this action pursuant to RPAPL article 15 seeking a declaration that defendant had forfeited his rights as to the boat launch area by failing to fulfill his obligations under the deed. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals.

Initially, defendant's affirmation dated December 23, 2011 and its attachments should not be considered on the motions.* It is unclear whether Supreme Court considered these papers as, contrary to statute, the order does not "recite the papers used on the motion[s]" (CPLR 2219 [a]). In any event, defendant could not validly submit an unsworn affirmation, as he is a party to this action and is not an attorney (see CPLR 2106). The annexed documents are not certified (see CPLR 2105; see also CPLR 5532) and, as we cannot rely on defendant's affirmation, they lack context and foundation. Accordingly, we will not consider any of the materials contained in the supplemental record, as none of them was properly before Supreme Court (see Matter of Theodore LL. v Phelan, 254 AD2d 605, 605 n 2 [1998]).

Supreme Court erred in dismissing the complaint in its entirety, as questions of fact exist regarding whether defendant violated certain terms of the deed. Plaintiff claims that defendant materially breached the terms of the deed by: (1) failing to

* This Court granted defendant's motion to include these documents as part of the record on appeal, but permitted argument and reserved decision on whether these papers should have been accepted by Supreme Court (2013 NY Slip Op 83876[U]).

provide proof of adequate insurance on the boat launch; (2) failing within the year preceding commencement of the instant action to notify plaintiff of the names of all persons who possess keys to the boat launch gate; (3) failing within the year preceding commencement of the action to supply plaintiff with the names and telephone numbers of all persons whom defendant has allowed to access the lake via the boat launch; (4) failing to properly maintain the boat launch, causing or permitting it to become strewn with trash; and (5) wrongfully interfering with plaintiff's use and quiet enjoyment of his property by changing the lock on the boat launch gate and refusing to supply plaintiff with a key or combination to the lock. In support of his motion for summary judgment, plaintiff submitted, among other things, his sworn affidavit and verified complaint alleging the aforementioned violations of the deed, and a copy of the deed, which provides, in pertinent part, that: "[Defendant] will construct a gate and maintain the boat launch at his own cost and expense. There will be a minimum of [$1 million] of insurance on the boat launch at all times provided by [defendant]. The launch will be closed to the public at all times except for the persons who are residents of Mariaville. They can get a key with a signed blue tag from [defendant]. [Defendant] will annually provide the names and phone numbers of all people using the boat launch to [plaintiff], and update it periodically every time five (5) individuals are added to the list of users. [Defendant] will be allowed 3 non-residents to use the boat launch only if their names and phone numbers are provided ahead of time to [plaintiff]. [Defendant] must show proof of insurance yearly to [plaintiff]. If [defendant] violates any of the terms of this agreement, [defendant] will then forfeit his stewardship of the boat launch. Violations must be determined by a court of competent jurisdiction. [Plaintiff] will have a key or access to the boat launch."

Defendant submitted his sworn affidavit denying plaintiff's allegations. Defendant also submitted a copy of his September 2010 letter to plaintiff, which enclosed a list of people who had keys to the boat launch at the time and proof of insurance coverage from April 2010 through April 2011, as well as the certified mail receipt showing that plaintiff's wife signed for the correspondence in October 2010. Although plaintiff contends that he was not provided with proof of current insurance, he failed to establish that defendant was in breach of the terms of the deed, which only requires defendant to "show proof of insurance yearly" to plaintiff, without specification as to a date by which this must be accomplished. The record shows that, since 2005, defendant has maintained yearly insurance on the property,

with plaintiff listed as a certificate holder on the policy, and has provided plaintiff with proof of such insurance by letter at least once each year. The letters also included lists of people who had keys to the boat launch at the time. Based upon this evidence, defendant established his entitlement to summary judgment as to plaintiff's first two allegations and plaintiff failed to offer any evidence sufficient to require a trial of any issue of fact as to these two claimed breaches of the deed (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As for plaintiff's third allegation, the deed requires that defendant "annually provide the names and phone numbers of all people using the boat launch to [plaintiff]." Defendant did not offer proof that the people who had keys were the only people permitted to use the boat launch. Thus, it is unclear if defendant complied with this term of the deed, making summary judgment inappropriate as to that allegation.

Regarding plaintiff's fourth allegation, that defendant has failed to properly maintain the boat launch, plaintiff averred that defendant permitted the property to become strewn with trash. On the other hand, defendant averred that he saw plaintiff's relatives dumping trash on the boat launch. In addition to this factual disagreement, the meaning of the term "maintain" is not precisely defined in the deed and there is a reasonable basis for difference of opinion, namely, whether this term includes removal of garbage. In light of the factual dispute and the ambiguity of this provision in the contract, the related allegation was not ripe for summary judgment (*see Pozament Corp. v AES Westover, LLC*, 27 AD3d 1000, 1001 [2006]; *Besicorp Group v Enowitz*, 235 AD2d 761, 763 [1997]).

Plaintiff's fifth and primary contention is that defendant interfered with plaintiff's use and quiet enjoyment of his property by replacing plaintiff's lock on the boat launch gate with defendant's lock and refusing to provide plaintiff with a key or the combination to the lock. The parties seem to acknowledge that each has cut off locks placed on the gate by the other party. Although it is not included in the paragraph concerning the boat launch, the deed does contain a covenant of quiet enjoyment. Based on the placement of that covenant, it is unclear whether the parties intended that a violation of that term would result in defendant's forfeiture of his stewardship of the boat launch. Aside from the ambiguity regarding that term in the deed, defendant argues that since he has stewardship of the boat launch, his lock should be on the gate. Defendant explained that he switched to a combination lock because plaintiff was handing out keys to random people who did not have a right to

use the boat launch; defendant agreed to give plaintiff the combination whenever requested, but defendant planned to replace the lock every time he gave the combination to plaintiff. The heart of the matter appears to be the level of access that plaintiff should have to the boat launch and whether plaintiff should have unfettered access or should have to request access from defendant each time he wants to use the boat launch that is on plaintiff's own property. While the deed provides that defendant will manage third-party access to the boat launch, the parties did not define the term "stewardship" in the deed nor did they indicate the level of control that this right granted to defendant— i.e., whether the deed granted defendant control that is superior to that of plaintiff. Summary judgment would be premature, as evidence regarding the parties' intent is needed to resolve these ambiguities regarding material terms in the deed (*see Besicorp Group v Enowitz*, 235 AD2d at 763; *Collegetown of Ithaca v Friedman*, 110 AD2d 955, 956 [1985]).

Peters, P.J., Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment in its entirety; cross motion denied except as to the allegations that defendant breached the agreement by failing to provide proof of insurance and information regarding who had keys to the boat launch gate; and, as so modified, affirmed.