ALBANY GARAGE COMPANY, Appellant, *v.* ALFRED H. MUNSON and Others, Respondents.

Third Department, November 11, 1926.

**Deeds — action on covenants of quiet enjoyment and warranty — plaintiff purchased property March 20, 1920 — excavation for building disclosed city sewer about seventy-five years old, made of masonry and arching what was formerly creek — only part of sewer in active use was under property in question and for one block beyond — plaintiff constructed new sewer around its property — city did not acquire right by adverse possession since sewer was under ground and was not open and notorious — no evidence that defendant or predecessors had knowledge of sewer prior to 1901 — said date was less than twenty years prior to sale, and title by adverse possession was not shown.**

The plaintiff is not entitled to recover damages for alleged breach of covenants of quiet enjoyment and warranty in a deed, which action was based on the existence of a city sewer under the property conveyed, and was brought on the theory that the city had acquired title or an easement in the property for sewerage purposes, for it appears that the land was transferred to the plaintiff on March 20, 1920; that in excavating for a building, plaintiff discovered an old sewer which had been constructed for approximately seventy-five years and which was made of masonry and arched what was formerly a creek; that there was no evidence that the defendants or their predecessors had knowledge of the existence of the sewer prior to 1901; that the sewer had been abandoned except as to that portion under the premises in question and for about one block beyond boundary line of the premises; that there was no evidence of a grant to the city of the right of sewerage across the property, and the only evidence in reference to the sewer was an appropriation made in 1879 for enlarging and rebuilding the sewer, but this appropriation was apparently not expended.

Under the circumstances, the city did not acquire right by adverse possession and had no easement in the premises for sewerage purposes, for the sewer was

under ground and the possession by the city was not open and notorious, and neither the defendants nor their predecessors had knowledge of its existence prior to 1901. Twenty years not having elapsed since the defendants first discovered the existence of the sewer, title by adverse possession cannot be claimed to have been acquired by the city.

Accordingly, the plaintiff is not entitled to damages for breach of the covenants of quiet enjoyment and warranty.

APPEAL by the plaintiff, Albany Garage Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 31st day of December, 1925, upon the decision of the court rendered after a trial at the Albany Trial Term, a jury having been waived.

*William L. Visscher,* for the appellant.

*Pritchard & Deecke* [*John J. McManus* and *G. E. Pritchard* of counsel], for the respondents.

COCHRANE, P. J. On March 20, 1920, the defendants by deed containing covenants of quiet enjoyment and warranty conveyed to the plaintiff property on the northwest corner of Beaver and William streets in the city of Albany. The purchase price was $90,000. The land was occupied by buildings used as stores and dwellings. It adjoined other property owned by the plaintiff on the west and north and used as a garage. In the year 1923 plaintiff proceeded to demolish the buildings on the land conveyed preparatory to enlarging its garage. In making excavations it discovered an active sewer which extended diagonally through the land from Beaver street on the south to William street on the east. It did not enter the property directly from Beaver street but from the adjoining property on the west. The sewer was about four and one-half feet high and five feet wide and was built of masonry. It was at least seventy-five years old. It was part of what was known as the Ruttenkill sewer deriving its name from the Ruttenkill creek, a natural stream which formerly meandered through the city to the river. This creek had been arched over and thus converted into a sewer, but in the year 1885 the sewer had been abandoned for other sewers constructed by the city except from Beaver street across the property in question to William street and for one block easterly therefrom. To this extent it seems to have constituted part of the sewerage system of the city. Five city sewers converging in Beaver street discharged their contents into this sewer which thus crossed the property in question as aforesaid. The Ruttenkill creek has lost its identity and has become obsolete as a natural watercourse, doubtless having been absorbed or

16

supplanted by the city sewerage system. The plaintiff under the supervision of the city constructed a new sewer around its property through Beaver and William streets at an expense of $2,800, for the recovery of which amount it brings this action.

There is in existence no grant giving to the city or any person the right of sewerage across the plaintiff's property. Plaintiff claims that the city had acquired such right by adverse possession and that, therefore, there was a breach of the covenants in its deed from the defendants. One of the elements essential to constitute an effective adverse possession is that such possession must be open and notorious. (*Belotti* v. *Bickhardt,* 228 N. Y. 296.) This sewer was underground and concealed from view. It was, therefore, neither open nor notorious. Therefore the adverse user did not begin to run until it was brought to the knowledge of the defendants or their predecessors in title. (*Treadwell* v. *Inslee,* 120 N. Y. 458, 465; *Munsion* v. *Reid,* 46 Hun, 399, 403; *Hannefin* v. *Blake,* 102 Mass. 297; 1 Cyc. 996; *Butterworth* v. *Crawford,* 46 N. Y. 349; *Steinbeck* v. *Helena,* 195 App. Div. 186.) The defendants' chain of title was not produced and there is nothing to indicate how or in what manner any former owner was chargeable with knowledge of the sewer. The burden was on the plaintiff to prove such knowledge. (*Lewis* v. *New York & Harlem R. R. Co.,* 162 N. Y. 202, 220; 9 R. C. L. 754.) It clearly appears from the testimony of different witnesses that the sewer was beneath the surface of the ground and not visible until the excavation was made by plaintiff, except that in 1901, when the defendants were constructing a building on part of the premises in question, the sewer which extended through that part of the premises was discovered. But there is nothing in the evidence which seems to have disclosed at that time that the sewer was carrying the sewage of the city or of any other property, and even if such were the fact, knowledge by the defendants then for the first time acquired was within twenty years prior to their conveyance to the plaintiff and hence too recent to permit the user ripening into a right. There is no evidence that the city ever repaired this sewer or did any act which manifested any claim in respect thereto except to discharge therein the city sewage, and of this the defendants and their predecessors in title are not shown to have had any knowledge prior at least to 1901. It does appear that in the year 1879 the common council appropriated $4,000 " for the purpose of enlarging, or rebuilding and putting in good repair, the Ruttenkill Creek arch, from the terminus of the new drain or sewer, corner of Hudson avenue and Daniel street,   *   *   * to the outlet of the said creek at the dock," but it does not appear that the money was used for that purpose. Certainly nothing

was done in respect to the sewer between Beaver and William streets. As before stated, " Ruttenkill Creek arch " was discontinued in the year 1885 except through the property of the plaintiff and for one block easterly therefrom and a new sewer to take the place thereof was elsewhere located. The case seems to be entirely destitute of any evidence charging the defendants or their predecessors in title with any knowledge that the sewer through the premises in question was being used by the city or by any person or in fact charging them with any knowledge even of the existence of such sewer prior to 1901. Adverse use thereof was never initiated before that year. We are, therefore, constrained to affirm the judgment.

Judgment unanimously affirmed, with costs.