ALLAN F. MACDONALD et al., Respondents, v. PARAMA, INC., et al., Appellants.—

Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The record justified an award of $200 for the actual damage to the plaintiffs' land. Under all the circumstances here, the trial court was also justified in not apportioning such damage among the several defendants. While they may not have acted in concert, their several acts were merely cumulative; the conduct of each was a sufficient concurring cause for all the resulting damage to plaintiffs' land. It was error, however, to award treble damages. The statute invoked by plaintiffs for such relief (Penal Law, § 1433, subd. 3) requires proof of both unlawful and willful injury to real property (People v. Kane, 131 N. Y. 111, 114). Acts which do not constitute a crime under the statute do not give rise to recovery of treble damages (Polychrome Corp. v. Lithotech Corp., 4 A D 2d 968). While trespass cannotes, inter alia, an intentional injury by way of an unauthorized entry upon property of another, "It is not necessary that one in making such an entry should have any unlawful intent" (Heller v. New York, N. H. & H. R. R. Co., 265 F. 192, 194). Here, while a willful trespass was properly found, there was no proof or finding that defendants committed such trespass with any unlawful or criminal intent. In the absence of such proof, the trespass does not come within the purview of the statute authorizing treble damages (Hewitt v. Newburger, 141 N. Y. 538, 542). Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur; Ughetta, J., not voting.