KIAMESHA CONCORD, INC., Respondent, *v.* EMPIRE MUTUAL INSURANCE COMPANY, Appellant.

Third Department, November 8, 1973.

*Gerald Orseck* for appellant.

*Goldstein & Goldstein* (*Carl P. Goldstein* of counsel), for respondent.

SWEENEY, J. Appeals by defendant (1) from a resettled judgment of the Supreme Court, entered December 8, 1972 in Sullivan County, and (2) from an order, entered March 26, 1973, denying defendant's motion to correct the record on appeal.

The facts, while somewhat lengthy, are not in dispute, but require a recitation for proper understanding of the issues. Plaintiff operates the Concord Hotel in Sullivan County. In conjunction with the hotel, parking lots are maintained on the premises. On December 25, 1963, one Mindlin, a guest at the hotel, was involved in an automobile accident with another vehicle owned by one Roberts, another guest, which was being operated by one Graham, a carhop employed by the plaintiff. Mindlin brought an action for personal injuries against Roberts, Kiamesha Concord, Inc. (hereinafter referred to as The Concord) and Graham. The jury found in favor of Mindlin against all defendants. Pursuant to a stipulation by counsel at the trial that claims by defendants against each other were to be determined by the court, a judgment was entered which granted Roberts recovery over against The Concord and Graham; granted The Concord recovery over against Graham; and finally, dismissed all claims by The Concord against Roberts. This court affirmed that judgment (*Mindlin* v. *Kiamesha Concord,* 31 A D 2d 988). Thereafter, The Concord paid the judgment and brought the present action, pursuant to section 167 of the Insurance Law, against Empire Mutual Insurance Company, Roberts' insurer, to recoup its payment to Mindlin and Roberts and for counsel fees, on the ground that Graham, its employee, was covered under the policy. The trial court found for the plaintiff.

Subsequent to entering the judgment, defendant moved to correct the record, maintaining that by mutual mistake the wrong insurance policy was received in evidence. The court denied the motion and defendant has appealed both from the judgment and the order denying its motion.

In the present action the policy received in evidence contained the standard provision which extends coverage to any person using the automobile with permission of the named insured. Consequently, Graham would be entitled to coverage, unless he

fell within the exclusion clause which provided: "This policy does not apply * * * to an owned automobile while used in the "automobile business"." The policy defined "automobile business" as the "business or occupation of * * * parking automobiles." A resolution of this appeal revolves largely on a determination as to whether the plaintiff was engaged in the automobile business. The trial court determined that plaintiff was not so engaged. We arrive at a contrary conclusion.

An examination of the record in the underlying negligence action reveals that the trial court found that Graham was an employee of The Concord and that it maintained parking lots for more than four vehicles. The court also found that "the parking of automobiles of guests was an incident of the general hotel business and constituted a part of the services rendered by the hotel for which the guest paid, which payment constituted 'other consideration' set forth in Section 5-325 of the General Obligations Law." On appeal from the judgment in that action, we affirmed, and stated: "Although appellant charged no specific fee for parking, upon taking exclusive control of the automobile and the automobile keys, from the time that the automobile arrived at the hotel door, certainly the guest's payment for the totality of the services provided by the hotel included 'other consideration' therefor. (General Obligations Law, § 5-325.)" (*Mindlin v. Kiamesha Concord, supra*, p. 988.)

In spite of the determination in the prior action that plaintiff was engaged in parking automobiles for consideration, the trial court in the instant case concluded that "the only economic benefit accruing to the hotel because of 'the parking service was the likely favorable effect on the hotel and rental businesses of the plaintiff because of the good will engendered by the operation of a free and efficient parking service."

It is apparent that the necessary and material issue as to whether The Concord was in the business of parking automobiles was determined in the prior action. There was an identity of issue in both actions and the present parties had a full and fair opportunity to litigate that issue in the prior action. The principle of collateral estoppel, therefore, applied, and the trial court in the present action could not find contrary to the determination arrived at in the prior action. (*Schwartz v. Public Administrator of County of Bronx*, 24 N Y 2d 65.) On the basis of that finding, plaintiff and Graham were engaged in the "automobile business" and fell within the policy exclusion. Graham was, consequently, not covered under the policy. The judgment must, therefore, be reversed.

While it is unnecessary for us to pass upon the issue raised in the appeal from the order denying defendant's motion to correct the record, we conclude that the trial court properly denied the motion.

The judgment should be reversed, on the law and the facts, and complaint dismissed, with costs. The order which denied defendant's motion to correct the record should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and complaint dismissed, with costs. Order which denied defendant's motion to correct the record affirmed, without costs.