HYLAN FLYING SERVICE, INC., et al., Doing Business as SOUTH-GATE INVESTMENT COMPANY, Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 54734.)

Fourth Department, November 12, 1976

*Robert F. Wood, P. C.* for appellants.

*Louis J. Lefkowitz, Attorney-General (Dennis Hurley* and *Ruth Kessler Toch* of counsel), for respondent.

DILLON, J. Claimants are land developers and own a tract of land consisting of 316.67± acres which comprises the southeast quadrant at the intersection of Jefferson Road and West Henrietta Road in the Town of Henrietta, Monroe County. Approximately 5½ acres of the land which fronts

directly on the intersection is occupied by a restaurant and motel complex. Since 1968 claimants have planned to build a shopping center on that portion of the tract used as a private airport. During the same time, the State was preparing to widen Jefferson Road and construct an overpass therefor over West Henrietta Road.

Both the claimants and the State intended to utilize the existing drainage system for their projects, but claimants also planned to construct a ditch for water overflow from the southeast quadrant as well as from their acreage located at the northeast quadrant of the same intersection. The Town of Henrietta, however, had reservations about the capacity of the existing system to accommodate the anticipated drainage. The State, the town and the claimants held several conferences regarding drainage, during which it was planned that claimants would give the town an easement to be used as a drainage ditch, the State would construct the ditch and the town would maintain it. By October, 1969, however, the claimants had not granted an easement to the town and declined to do so until the State furnished information concerning the construction of the ditch. In January, 1970 claimants' attorney forwarded a copy of the drainage ditch easement, not yet executed by the town, to the State Regional Design Engineer in charge of this project. An accompanying letter stated that the easement was "to be delivered to the Town of Henrietta" but requested the State's work plans showing entrances to claimants' land, and also sought permission to cover the ditch for use as a driveway. The State engineer answered that the work plans had been previously submitted; that the claimants could cover the ditch and that he assumed that construction of the ditch could proceed.

The State engineer claimed that he received no response to this letter. However, one of claimant's attorneys testified that he spoke with the engineer and advised him that the easement arrangements had not been settled with the Town of Henrietta. Despite the conflict, it remains apparent that claimants did not grant, nor did the town accept, the easement, and in March, 1970 the State contractor entered claimants' land without permission and constructed a ditch which is approximately 7 feet deep, 50 feet wide and 2,000 feet long. The ditch occupies approximately 2.46 acres of claimants' land. It runs from a point on the south side of Jefferson Road, around the east and south limits of the improved 5½ acre

parcel and then southward for approximately 865 feet parallel to and about 15 feet east of the east side of West Henrietta Road.

The construction of such a ditch is statutorily authorized (Highway Law, § 11, subd 5) and since it carries drainage from a State highway, it serves a public purpose. The State engineer testified that the ditch serves to improve highway drainage and that should it be plugged, it "could cause some problems to the drainage of the highway". Thus, while the ditch is useful to claimants, its use is not restricted to them (see *Ross v State of New York,* 30 AD2d 681, affd without opn 23 NY2d 807).

The State has exercised the right of eminent domain "by entry and occupation summarily and without notice to the owner" *(American Woolen Co. v State of New York,* 195 App Div 698, 701). It entered upon claimants' land and has, by construction of the ditch, permanently interfered with their physical use, possession and enjoyment of the property. The action of the State constituted a *de facto* taking (see *City of Buffalo v Clement Co.,* 28 NY2d 241; cf. *Matter of O'Brien v City of Syracuse,* 54 AD2d 186) which may not be modified, disclaimed or withdrawn (see *Kahlen v State of New York,* 223 NY 383; *Queensboro Farm Prods. v State of New York,* 6 Misc 2d 445, 448, affd 5 AD2d 967, affd without opn 5 NY2d 977).

Claimants erroneously contend that the construction of the ditch resulted in a loss of suitable access. This position contradicts the plans for ditch construction prepared by their engineers. Additionally, one of claimants' plans for the development of the tract at its highest and best use depicts essentially the same West Henrietta Road access as is now available. The highest and best use of claimants' land remains despite the presence of the ditch and therefore plaintiffs are not entitled to consequential damages (see *La Briola v State of New York,* 36 NY2d 328, 332). Moreover, even where the new or remaining access may be less than ideal, an owner is not entitled to consequential damages *(Bopp v State of New York,* 19 NY2d 368, 372; *Selig v State of New York,* 10 NY2d 34; *Northern Lights Shopping Center v State of New York,* 20 AD2d 415, affd 15 NY2d 688).

Since the ditch requires the continued use of the land (see 2

Nichols, Eminent Domain [3d ed], § 6.21), claimants are entitled to appropriate compensation. The State did not introduce an appraisal at the trial but contended that the issue of value had been litigated and resolved in a prior case involving the same parties and the same land. Collateral estoppel, however, requires "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and * * * there must have been a full and fair opportunity to contest the decision now said to be controlling." (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see, also; *Kiamesha Concord v Empire Mut. Ins. Co.,* 42 AD2d 449, affd on opn below 35 NY2d 776.) Aside from the nearly seven-month difference in time between the takings, the initial claim resulted from the appropriation of Jefferson Road frontage. The valuation of the West Henrietta Road frontage did not necesarily determine the result in the Jefferson Road appropriation, particularly since the court found separate values for various areas within the tract. Although the earlier assessment of value is relevant and admissible with respect to the issue of direct damages presented here, we do not find it to be conclusive.

Nor do we accept claimants' calculation of damages. Their appraiser's report generally relies upon sales which are significantly smaller in 'size than the subject, and the value it assigns to commercial frontage greatly exceeds that established in the earlier claim. In such circumstances, the interests of justice and the orderly disposition of the case will best be served by a trial *de novo,* limited to the issue of direct damages for the *de facto* taking of a permanent drainage ditch easement.

The judgment should therefore be reversed and a new trial granted on the issue of direct damages only.

MOULE, J. P., CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Judgment unanimously reversed, on the law and facts, with costs and a new trial granted on the issue of direct damages only.