■ EMMA A. MICKEL, Respondent, v STATE OF NEW YORK et al., Appellants. (Claim No. 60670.)—Order unanimously reversed, without costs, motion granted and claim dismissed. Memorandum: We do not believe that the State may be liable for a purported appropriation where it temporarily posts signs which read "Public Fishing" on claimant's property. Claimant owns land on both sides of Fish Creek in a rural section of Oneida County. These holdings include the creek bed and fishing rights to approximately one-half mile of the creek. The State owns the adjacent land on both sides of claimant's property and has regularly posted these lands for public fishing. In 1971 the Power Authority of the State of New York acquired a 31-acre permanent easement for power lines across claimant's property to the middle of Fish Creek. In 1975 claimant discovered that a portion of the creek on the easement and some outside it also on her property had been posted for public fishing by the New York State Department of Environmental Conservation. As a result of her complaints, the department removed the signs in the fall of 1975. The fishing season lasts from April to September and claimant alleges that some persons traversed her land to fish in the creek. In November, 1976 claimant filed claims for *de facto* appropriation of her fishing rights during the 1974 and 1975 fishing seasons. We view the facts broadly and in perspective. Concededly, the State mistakenly placed signs on claimant's property which resulted in some persons crossing claimant's fields to fish in her portion of Fish Creek during the trout seasons of 1974 and 1975. This promptly corrected mistake, however, scarcely amounts to the exercise of the power of eminent domain by the State of New York. Here there is no taking in the constitutional sense so as to give rise to an action for an appropriation. Rather, there is merely alleged a temporary intrusion constituting an ordinary trespass (2 Nichols, Eminent Domain [3d ed], § 6.11, pp 6-30; *Matter of O'Brien v City of Syracuse,* 54 AD2d 186, mot to dismiss app granted 41 NY2d 1008, app dsmd cert den 434 US 807). Further, there has been no claim that such temporary intrusion denied the owner claimant the beneficial use or enjoyment of her property or caused a restraint on such use that materially affected its value *(City of Buffalo v Clement Co.,* 28 NY2d 241, 253; *Forster v Scott,* 136 NY 577). To dignify this minimal inconvenience by terming it a *de facto* appropriation would also be contrary to this court's decision in *Matter of O'Brien v City of Syracuse (supra).* Although in *O'Brien* there was an extensive temporary intrusion which clearly violated the owner's right of access, we held that such did not state a cause of action for *de facto* appropriation, but merely stated an action for trespass. Here the intrusion inflicted no permanent damage and did not exclude claimant from the use of her property. This transient type of temporary encroachment may not be elevated into a valid

and legal claim for a *de facto* taking (2 Nichols, Eminent Domain [3d ed], § 6.11). (Appeal from order of Court of Claims—dismiss claim.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.