■ Joseph J. Carr, Respondent, v Town of Fleming, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, who owns a parcel of vacant land in the Town of Fleming, moved to Florida in 1970. During 1971 the town installed a sewer system, and one of the lines was installed upon plaintiff's land. Although plaintiff occasionally drove past the property during visits from Florida, he discovered the sewer line for the first time in the fall of 1981 when he came upon a manhole cover while showing the parcel to a prospective purchaser. This action was commenced within three years of that discovery.

Special Term denied defendant's motion to dismiss concluding that the action to enjoin a continuous trespass and for damages did not accrue until plaintiff became aware of the intrusion. We agree that the complaint, to the extent it alleges facts constituting a continuous trespass, was not time barred, but for a different reason.

An action predicated upon a continuous trespass is barred only by the expiration of such time that would create an easement by prescription or change title by operation of law *(509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 52).* Defendant had the burden of presenting convincing evidence that plaintiff actually knew of the town's adverse use or

that the use was so visible, open, or notorious that such knowledge should be imputed to him *(Treadwell v Inslee,* 120 NY 458, 465). We conclude that a question of fact exists as to whether the mere existence of the manhole cover is sufficient, under the circumstances presented in this record, to impute knowledge of the intrusion to plaintiff *(see, Historic Estates v United Paper Bd. Co.,* 260 App Div 344, *affd* 285 NY 658; *Albany Garage Co. v Munson,* 218 App Div 240, *affd* 245 NY 613), which should be left to the trier of the facts *(see, Trepuk v Frank,* 44 NY2d 723, 725). Moreover, since plaintiff seeks injunctive relief, filing of a notice of claim under Town Law § 67 and General Municipal Law § 50-e was not required *(Malcuria v Town of Seneca,* 84 AD2d 931, 932, *mot to dismiss appeal granted* 55 NY2d 1037).

The complaint also alleges a de facto appropriation. A de facto taking is similar to a trespass in that both require a physical entry. However, a trespass is temporary in nature, and a de facto taking is a permanent ouster of the owner or permanent interference with his physical use, possession and enjoyment of the property by one having condemnation powers *(City of Buffalo v Clement Co.,* 28 NY2d 241; *Mickel v State of New York,* 77 AD2d 794; *Hylan Flying Serv. v State of New York,* 54 AD2d 278). An entry cannot be both a trespass and a taking because, in the latter instance, the condemnor acquires ownership. The lean record before us does not permit a determination that the town's entry was permanent, and the issue of whether the entry was a trespass or taking must be resolved at trial. We do note, however, that any claim for damages resulting from a de facto taking is time barred. Such a claim would have accrued in this instance when the condemnor physically entered upon the property and installed the sewer line *(Rymkevitch v State of New York,* 42 Misc 2d 1021; *see also, 509 Sixth Ave. Corp. v New York City Tr. Auth., supra,* p 51).

Accordingly, we modify the order to grant that portion of defendant's motion seeking dismissal of the de facto appropriation claim. (Appeal from order of Supreme Court, Cayuga County, Corning J.—dismiss complaint.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.