◼ WILLIAM C. STEWART et al., Respondents, v STATE OF NEW YORK, Appellant. [669 NYS2d 723] —Cardona, P. J. Appeal from an order of the Court of Claims (McNamara, J.), entered January 17, 1997, which denied the State's motion to dismiss the claims as time barred.

Claimants are owners of adjacent parcels of land situated on State Route 66 in the Town of Chatham, Columbia County. On November 13, 1992, they filed claims totaling $200,000 alleging that negligently constructed and maintained highway improvements undertaken by the State Department of Transportation in the spring and summer of 1991 have caused an increased volume of surface water to be discharged onto their properties each time there is a substantial rainfall, resulting in damage from erosion and the deposit of debris.

Prior to trial, the State moved to dismiss the claims as untimely, arguing that claimants failed to file them within 90 days of their accrual as provided in Court of Claims Act § 10 (3-b). Characterizing the claims as alleging a de facto appropriation of claimants' properties rather than a trespass, the Court of Claims denied the motion finding that the claims were timely under the longer three-year limitations period of Court of Claims Act § 10 (1). The State appeals.

Court of Claims Act § 10 (3-b) sets forth a 90-day Statute of Limitations for claims asserted against the State for property damage caused by the intentional tort of trespass. Where the nature of the intrusion amounts to an appropriation of land by the State, however, Court of Claims Act § 10 (1) sets forth a three-year Statute of Limitations. Thus, resolution of the timeliness of claimants' claims turns upon whether the discharge of an increased volume of water onto claimants' land amounts to a trespass or a de facto appropriation of claimants' properties.

Water and debris cast upon the lands of another is actionable as a trespass (*see*, 104 NY Jur 2d, Trespass, § 12, at 458;

*Mairs v Manhattan Real Estate Assn.*, 89 NY 498; *MacDonald v Parama, Inc.*, 15 AD2d 797; *B & R Luncheonette v Fairmont Theatre Corp.*, 278 App Div 133). Where, however, the alleged trespasser is clothed, as the State is here, with the power of eminent domain, and the "intrusion is so extensive in scope or duration that it may be regarded as a taking in fact * * * the right to compensation under eminent domain can be invoked" (*Matter of O'Brien v City of Syracuse*, 54 AD2d 186, 188, *lv denied* 40 NY2d 809, *appeal dismissed* 41 NY2d 1008, *cert denied* 434 US 807). What distinguishes a de facto taking from a trespass is the degree of the interference with the owner's property rights (*see, O'Brien v City of Syracuse*, 54 NY2d 353, 357). "[W]here the interference with property rights is only temporary, casual, or intermittent, without any permanent use or appropriation or destruction of an existing right, there is a mere trespass and not a taking" (51 NY Jur 2d, Eminent Domain, § 88, at 135; *see, American Woolen Co. v State of New York*, 195 App Div 698; *see also, Carr v Town of Fleming*, 122 AD2d 540). On the other hand, where the State's entry upon the land permanently interferes with the owner's "physical use, possession and enjoyment of [the land]", the State's action constitutes a de facto taking (*Hylan Flying Serv. v State of New York*, 54 AD2d 278, 280, *appeal dismissed* 40 NY2d 809; *see, Borntrager v County of Delaware*, 76 AD2d 969).

In support of its position, the State argues that the diversion of water onto claimants' properties is nothing more than a periodic physical invasion resulting in a temporary, casual or intermittent interference with claimants' use and occupancy of their lands. As proof, the State points to claimant Joseph J. Reidl's assertions that the site of the property damage on his eight-acre parcel is located in a wooded area in excess of 550 feet from his residence, set on a 40-foot embankment that cannot be seen from his residence and that it is not within an area he frequents. There is no indication in the record of the situs of the damage on claimant William C. Stewart's property.

Claimants allege that each and every time there has been a substantial rain, the resulting surface water runoff intrudes onto their lands "damaging and destroying large areas" through "severe erosion, rutting, the creation of deep gullies, the destruction of a portion of a ridge line and the deposit of large amounts of soil, rocks and debris". It is not clear from this record the extent of the interference with claimants' properties and, in our view, the allegations that the intrusions are of such a character as to inflict permanent damage (*cf., O'Brien v City of Syracuse*, 54 AD2d 186, 188, *supra*) are sufficient to

raise a triable issue as to whether the State has "permanently interfered with [claimants'] physical use, possession and enjoyment of the[ir] propert[ies]" (*Hylan Flying Serv. v State of New York*, 54 AD2d 278, 280, *supra*). In our opinion, the record does not conclusively establish a de facto taking (*compare, Sassone v Town of Queensbury*, 157 AD2d 891). Therefore, rather than deciding the dismissal motion on the affidavits alone, the Court of Claims should have conducted a trial (*see*, CPLR 3211 [c]) to determine the issue of whether there has been a de facto appropriation of claimants' lands or merely a trespass (*cf., Back O'Beyond v Telephonic Enters.*, 76 AD2d 897; *Usher v Usher*, 41 AD2d 368); the matter is remitted to the Court of Claims for such a trial. We note that a trial may obviate the need for further proceedings (*cf., Usher v Usher, supra*).

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.