TOWN OF IRONDEQUOIT, Respondent-Appellant, v ANITA J. FISCHER et al., Respondents, and VINCENT RANDAZZO et al., Appellants-Respondents. [701 NYS2d 548] —Judgment unanimously reversed on the law without costs, amended complaint/petition insofar as it seeks condemnation dismissed without prejudice and judgment granted on counterclaim in accordance with the following Memorandum: Plaintiff/petitioner, Town of Irondequoit (Town), commenced this action/proceeding seeking judgment declaring that it has an easement by prescription for a sewer across the land of defendants/respondents or, in the alternative, judgment declaring that it acquired such an easement by eminent domain. Defendants/respondents Vincent Randazzo and Rose Randazzo (defendants) seek judgment declaring that the Town does not have an easement across their land and dismissal of the amended complaint/petition for condemnation. Supreme Court granted the Town limited access to defendants' property for the sole purpose of repairing the sewer system but did not determine whether an easement exists or whether condemnation should be granted.

The Town failed to meet its burden of establishing by clear and convincing evidence that it had an easement by prescription on defendants' property (see, Beutler v Maynard, 80 AD2d 982, affd 56 NY2d 538; see also, Lyon v Melino, 214 AD2d 992, 993). The Town failed to establish that its use of the land was open and notorious for the requisite period (see, Albany Garage Co. v Munson, 218 App Div 240, 242, affd 245 NY 613; see also, Tredwell v Inslee, 120 NY 458, 465; Carr v Town of Fleming, 122 AD2d 540, 541; cf., Vinciguerra v State of New York, 262 AD2d 743). Defendants acquired their property in 1980. In 1995 the Town located the sewer main about eight feet below defendants' home and one manhole located 2 to 3 feet underground.

The Town also failed to establish that the use was hostile (*see, Beutler v Maynard, supra,* at 982). The presumption of hostility was rebutted by proof of a permissive use grant, which did not evidence an intent to convey an interest in the land (*see, Spirt v Spirt,* 209 AD2d 688; *see also, Willow Tex v Dimacopoulos,* 68 NY2d 963, 965, *rearg denied* 69 NY2d 742; *cf., Clements v Schultz,* 200 AD2d 11, 13). The only reference to a sewer in defendants' chain of title is in a 1930 deed that "permits erection, installation and maintenance of any and all necessary and proper gas and water mains, sewers, electric and telephone lines over and along the property hereby conveyed." Thus, we grant judgment in favor of defendants on their counterclaim declaring that the Town does not have a prescriptive easement across their property.

With respect to the alternative relief sought by the Town, condemnation of an easement, the amended complaint/petition does not contain the requisite description of the property to be acquired, either in metes and bounds or by section, lot and block number (*see,* EDPL 402 [B] [3] [c]; *Town of Webb v Sisters Realty N. Corp.,* 168 AD2d 896, 896-897). Thus, because the amended complaint/petition insofar as it seeks condemnation is insufficient, it must be dismissed without prejudice. (Appeals from Judgment of Supreme Court, Monroe County, Bergin, J.—Declaratory Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.