■ Michael Feder et al., Respondents, v Village of Monroe, Appellant, and Cal Mart Enterprises, Inc., et al., Respondents. [725 NYS2d 75] —In an action, *inter alia,* to recover damages for trespass and for a de facto taking of real property, the defendant Village of Monroe appeals from an order of the Supreme Court, Orange County (Owen, J.), dated July 30,

1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim for contractual indemnification against the defendant Cal Mart Enterprises, Inc.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for summary judgment on the cross claim for contractual indemnification against the defendant Cal Mart Enterprises, Inc., is dismissed as academic, as that relief was granted to the appellant upon reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs-respondents are awarded one bill of costs.

The defendant Village of Monroe, in conjunction with the repair of a bridge adjacent to the plaintiffs' property, closed and relocated the entrance to the plaintiffs' business. A corner of the plaintiffs' property was also used by the contractors during the construction project.

A de facto taking is similar to a trespass in that both require a physical entry. However, a trespass is temporary in nature, and a de facto taking is a permanent ouster of the owner, or a permanent interference with the owner's physical use, possession, and enjoyment of the property by one having condemnation powers (*see, City of Buffalo v Clement Co.,* 28 NY2d 241; *Mickel v State of New York,* 77 AD2d 794, *affd* 54 NY2d 858; *Hylan Flying Servs. v State of New York,* 54 AD2d 278). An entry cannot be both a trespass and a taking because, in the latter instance, the condemnor acquires ownership. The interference in this case was not permanent. However, the issue of whether the entry was a trespass requiring compensation must be resolved at trial.

The appellant's remaining contentions are without merit. S. Miller, J. P., McGinity, Luciano and Cozier, JJ., concur.