OPINION OF THE COURT
Francis T. Collins, J.
Defendant’s notice of motion dated March 20, 2004 seeks the following relief:
“(a) pursuant to CPLR 3212 (e), granting partial summary judgment in favor of the Defendant and against the Claimants on so much of this claim as seeks damages for an alleged injury to property as a result of flooding; and (b) pursuant to CPLR 3212 (e), granting partial summary judgment in favor of the Defendant and against the Claimants on so much of this claim as seeks damages for an alleged de facto appropriation of a strip of land running east/west along the northerly boundary of the Claimants’ property abutting the southerly boundary of Rensselaer County Road 55, in the County of Rensselaer, State of New York.”
That motion is granted. Claimants, representing themselves, cross-moved seeking leave of court to serve and file an amended claim and for an order granting partial summary judgment on the issue of liability. The cross motion is denied.
The claim filed on December 14, 2001 seeks to recover damages for the defendant’s appropriation of a portion of claimants’ real property located on Best Road (County Route 55) in the Town of East Greenbush, Rensselaer County. In December 1998 the State took a permanent easement over 59.4 square meters of claimants’ property for the purpose of constructing, reconstructing and maintaining a drainage ditch and pipe together with appurtenances along the southern boundary of County Road 55 and the northern boundary of claimants’ property. Appropriation map No. 39 for a project entitled “Best Road, County Road No. 55” and the description of a permanent easement for drainage pipe and ditch were filed in the Rensselaer County Clerk’s Office on December 18, 1998.
As reflected above, the State’s motion in part seeks an order “denying and dismissing any claim herein that seeks property damage arising from an incident of flooding of claimant’s [sic] property on September 17, 1999.” The motion further requests *770 partial summary judgment in the State’s favor denying and dismissing the portion of the claim (see, infra) which seeks damages for an alleged de facto appropriation of claimants’ land abutting County Route 55.
Defense counsel accurately states in support of the motion that William and Janet Roberts testified at their respective examinations before trial that they intended to seek damages for flooding and a de facto appropriation at trial. The State argues that the court lacks jurisdiction over any claim for damages due to flooding because the claim does not allege such a cause of action nor provide any particulars in reference thereto. Counsel further argues that the absence of liability with regard to any claim of de facto appropriation may be determined, on the merits, as a matter of law.
Claimants assert in opposition to defendant’s motion that the third paragraph of the claim, which reads as follows, states a cause of action for de facto appropriation due to flooding: “3. This is a claim to recover damages arising out [szc] the permanent physical invasion and actual appropriation and destruction of real property by the State of New York on December 18, 1998.”
Transcripts of the examinations before trial of Janet M. and William V Roberts reflect that the flooding or water damage alleged occurred in September 1999.[1] There is, however, no mention of that particular date nor any allegation concerning flooding of the claimants’ property in paragraph 3 or anywhere else within the claim. The only affirmative statement defining and asserting a cause of action in the claim is paragraph 22 which reads as follows: “On December 18, 1998, The State of New York violated the New York State Constitution Article I Section 7 when it appropriated the private property of William V Roberts, and Janet M. Roberts for public use without just compensation. ’ ’
Court of Claims Act § 8 effects a waiver of the State’s historical sovereign immunity conditioned upon compliance with the limiting provisions of article II of the act (see, Alston v State of New York, 97 NY2d 159, 163 [2001]). An elemental limitation upon the State’s conditional waiver of immunity is found in Court of Claims Act § 11 (b) which in relevant part provides: “The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or *771 injuries claimed to have been sustained and the total sum claimed.”
In Lepkowski v State of New York (1 NY3d 201, 207 [2003]) the Court of Appeals recently stated:
“section 11 (b) places five specific substantive conditions upon the State’s waiver of sovereign immunity by requiring the claim to specify (1) ‘the nature of [the claim]’; (2) ‘the time when’ it arose; (3) the ‘place where’ it arose; (4) ‘the items of damage or injuries claimed to have been sustained’; and (5) ‘the total sum claimed.’ ”
Construing the requirements of section 11 (b) strictly (see, Lichtenstein v State of New York, 93 NY2d 911 [1999]; Dreger v New York State Thruway Auth., 81 NY2d 721 [1992]) the Court found that although the claimants therein had properly set forth the nature of the claim “[t]hey did not, however, adequately allege the remaining elements required by section 11 (b)” (Lepkowski at 207).
The claim filed on December 14, 2001 sets forth in paragraph 22 a cause of action premised upon the appropriation of claimants’ property pursuant to a notice of appropriation served on December 18, 1998. In no manner, however, does the claim make any reference to the flooding of claimants’ land on September 17, 1999. Nor does the claim contain any allegation of a de facto appropriation of a 10 to 20 foot wide strip of property on the northerly boundary of claimants’ land. Unlike in Lepkowski (supra), where the allegations were deemed inadequate to comply with the requirements of Court of Claims Act § 11 (b), here the claim makes no allegations concerning either flooding or a de facto appropriation. In the instant matter it is the absence of allegations that is at issue rather than the adequacy of the allegations or statements pleaded as in Lepkowski.
Claimants’ reliance upon Stewart v State of New York (248 AD2d 761 [1998]) to support the finding of a claim for flooding damages is misplaced. In that case the Appellate Division, Third Department (at 762), noted that
“[c]laimants allege that each and every time there has been a substantial rain, the resulting surface water runoff intrudes onto their lands ‘damaging and destroying large areas’ through ‘severe erosion, rutting, the creation of deep gullies, the destruction of a portion of a ridge line and the deposit of large amounts of soil, rocks and debris’.”
*772 The Appellate Division found that such allegations were sufficient to raise a triable issue as to whether the State has “permanently interfered with [claimants’] physical use, possession and enjoyment of the[ir] properties]” (Stewart v State of New York, supra at 763, citing Hylan Flying Serv. v State of New York, 54 AD2d 278, 280 [1976]). As stated previously, the claim herein is silent with regard to the alleged flooding of claimants’ lands and thus is fundamentally distinguishable from the matters at issue in Stewart.
The court finds that the claim herein fails to comply with the requirements of Court of Claims Act § 11 (b) by its failure to state the nature, time of occurrence and items of damage or injuries sustained concerning an alleged cause of action for flooding on and/or after September 17, 1999. As a result, the defendant’s motion for summary judgment is granted to the extent that the court holds that the claim herein fails to assert any such cause of action and is, therefore, jurisdictionally defective in that limited regard.
Defense counsel argued the merits of a claim for the de facto appropriation of a strip of land along the northerly portion of claimants’ property and did not assert a jurisdictional defense similar to that part of the motion addressed to the alleged flooding of claimants’ land. Nonetheless, having been called upon to consider both the absence of allegations relative to a claim or cause of action for flooding and the relative merits of any claim for de facto appropriation, it is apparent that the claim simply fails to assert a claim for de facto appropriation in the manner required by Court of Claims Act § 11 (b). Although the claim contains several references to the origin of the Nassau Turnpike Company and the original route of the former Nassau Turnpike under the heading “General Allegations,” it asserts but a single cause of action for the appropriation of claimants’ land on December 18, 1998 without just compensation.
Claimants clearly have not set forth a separate cause of action for de facto appropriation. The claim does not refer to a de facto appropriation, does not mention a 10 to 20 foot strip of land along the northern boundary of claimants’ property, does not relate the manner in which the alleged de facto appropriation was accomplished and provides no information regarding resultant damage or injuries. Even viewed liberally, the general allegations contained in the claim do not sufficiently allege any action on the part of the State which may be viewed as constituting a de facto appropriation of claimants’ property. Similar to *773 the absence of specific allegations regarding flood damages, claimants have failed to set forth a claim of de facto appropriation meeting the jurisdictional prerequisites to suit found in Court of Claims Act § 11 (b). That failure deprives the court of subject matter jurisdiction (see, Lepkowski v State of New York, 302 AD2d 765, 766 [2003], affd 1 NY3d 201 [2003]).
Although the defendant did not seek dismissal of the de facto appropriation claim for lack of jurisdiction, the court may raise the issue sua sponte where it is apparent subject matter jurisdiction does not exist (Lublin v State of New York, 135 Misc 2d 419 [1987], affd 135 AD2d 1155 [1987], lv denied 71 NY2d 802 [1988]; Adebambo v State of New York, 181 Misc 2d 181 [1999]; see also Matter of Fry v Village of Tarrytown, 89 NY2d 714 [1997]). Having been called upon to consider the matter and the lack of jurisdiction being apparent, the court finds that the claim fails to adequately set forth the matters required of a claim against the State for flooding or de facto appropriation. The failure to meet the conditions to suit contained in Court of Claims Act § 11 (b) deprives the court of jurisdiction relative to either such alleged cause of action.
Claimants cross-moved for partial summary judgment and for permission to amend their claim to allege with specificity that following the December 18, 1998 appropriation of their property by the State large amounts of surface water were discharged onto the subject property as claimants testified at their examinations before trial. The cross motion must be denied.
While leave to amend a pleading should be freely given, the decision as to whether to grant leave is generally left to the sound discretion of the trial court (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]). “In determining whether to grant leave to amend a pleading, a court must examine the underlying merit of the causes of action asserted therein, since to do otherwise would be wasteful of judicial resources (see, Wieder v Skala, 168 AD2d 355)” (McKiernan v McKiernan, 207 AD2d 825, 825 [1994]). The Appellate Division, Third Department, has held with regard to a motion seeking leave to amend a pleading that “[t]he trial court is obliged to satisfy itself that the proposed claim has merit ...” (CFJ Assoc. of N.Y. v Hanson Indus., 260 AD2d 917, 919 [1999]). It is settled that “[w]hen seeking leave to amend a pleading, it is incumbent upon a movant to make ‘some evidentiary showing that the claim can be supported’ (Cushman & Wakefield v John David, Inc., 25 AD2d 133, 135)” (Mathiesen v Mead, 168 AD2d 736, 737 [1990]).
*774 With regard to the instant cross motion the claimants have failed to submit a proposed amended claim and have provided no proof other than conclusory allegations to suggest a causal connection between actions taken by the defendant and any alleged flooding. What proof is available is contradictory, especially with regard to the recurrence of flooding after September 17, 1999.
More critical to disposition of the instant motion, in the Court of Claims a claim is not amenable to amendment where a claimant seeks to provide jurisdictionally required allegations absent from the original claim. It is well established that a jurisdictional defect may not be corrected by amendment (see, Manshul Constr. Corp. v State Ins. Fund, 118 AD2d 983 [1986]; Grande v State of New York, 160 Misc 2d 383 [1994]; see also, Brown v State of New York, Ct Cl, Oct. 31, 2002, Fitzpatrick, J., Claim No. 106212, Motion Nos. M-65428, CM-65508, UID No. 2002-018-176).[2]
In this regard, the instant claim is addressed to the appropriation of a portion of claimants’ property on December 18, 1998 but stands mute with regard to damage resulting from flooding and otherwise fails to specifically allege facts tending to show a de facto appropriation of claimants’ property by the defendant. Although the claim asserts that a notice of appropriation was served upon the claimants on December 18, 1998, the claim served upon the Attorney General on December 14, 2001 and filed with the clerk the same day makes no mention of flooding which allegedly occurred beginning on September 17, 1999. In the court’s view, permission to amend a claim should be denied under circumstances such as those present here, where a proposed amendment seeks to assert a cause of action which was known and in existence prior to the time the original claim was served and filed (Kamen v State of New York, 34 Misc 2d 380 [1962]). To do otherwise would be contrary to the jurisdictional imperatives of the Court of Claims Act regarding the time provided for service and filing of a claim and would undermine the statutory mechanism for late claim relief contained in Court of Claims Act § 10 (6) (Berry v State of New York, Ct Cl, Feb. 10, 2004, Minarik, J., Claim No. 106825, Motion No. M-67197, UID No. 2004-031-013). The lack of detail clearly required by section 11 (b) of the Court of Claims Act deprived the defendant of the opportunity to investigate a claim of flooding and promptly *775 ascertain the existence of its liability (see, Lepkowski v State of New York, 302 AD2d 765, 766 [2003]; see also, Bowles v State of New York, 208 AD2d 440, 442-443 [1994]) and constitutes a jurisdictional defect which cannot be cured by amendment (see, Manshul Constr Corp. v State Ins. Fund, supra).
Claimants’ cross motion for leave to amend their claim is, therefore, denied.

. See, e.g., examination before trial of Janet M. Roberts at 80-81.

. Unreported decisions from the Court of Claims are available via the Internet at <http://www.nyscourtofclaims.state.ny.us/decision.htm.>