Lahtinen, J.
Appeal from that part of an order of the Supreme Court (Tait, J.), entered January 17, 2007 in Delaware County, which partially granted the motion of defendants Town of Middletown, Town of Middletown Highway Department and Town of Middletown Superintendent of Highways for summary judgment dismissing the complaint against them.
Plaintiff commenced this action in February 2003 seeking equitable relief and monetary damages as a result of road work done by defendants on a portion of disputed real property, which plaintiff claims is his private property and defendants contend is a public road. The disputed property is a portion of a road known as Ellsworth Avenue in the Village of Fleischmanns, Delaware County and the Town of Middletown, Delaware County. Plaintiff alleged a “pattern of trespassing” by defendants beginning in 1985, including specific allegations of, among other things, digging ditches along the road in the summer of 1999. Defendants Town of Middletown, Town of Middletown Highway Department and Town of Middletown Superintendent of Highways (hereinafter collectively referred to as defendants) moved for summary judgment seeking dismissal of the action against them asserting, among other things, that plaintiffs notice of claim (served in October 2002) was untimely and that the action was barred by the statute of limitations. Although Supreme Court held that the notice of claim provisions did not apply because plaintiff was primarily seeking equitable relief, the court nevertheless dismissed the complaint as to actions prior to 1999 since defendant Village of Fleischmanns had acquired the road by prescription. However, the court concluded *981 that the alleged 1999 digging of ditches—ostensibly widening the area of the road—gave rise to factual issues precluding summary disposition. Plaintiff appeals and defendants, although they did not appeal, urge us to search the record and grant them summary judgment (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]).
An action based on a continuing trespass theory, which gives rise to successive causes of action, is barred by sufficient passage of time to create an easement by prescription (see 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48, 52 [1964]; Vinciguerra v State of New York, 262 AD2d 743, 745 [1999]). Here, plaintiff’s own pleadings contend that the continuing trespass as to the road started no later than 1985 and thereafter persisted openly and with plaintiffs knowledge for a period exceeding 10 years. Accordingly, Supreme Court properly dismissed all claims for actions prior to the 1999 alleged widening of the road (see Vinciguerra v State of New York, 262 AD2d at 745).
The part of the claim premised upon the digging of ditches in 1999 was saved from dismissal in part because Supreme Court determined that the primary relief sought was equitable, with monetary damages merely incidental thereto (see Greaney v Springer, 266 AD2d 707, 708 [1999]; Dutcher v Town of Shandaken, 97 AD2d 922, 923 [1983]). However, after Supreme Court’s decision, we decided the related case of Matter of Stefanis v Village of Fleischmanns (43 AD3d 581 [2007]), which upheld the Village’s acquisition of a 30-foot-wide easement over the disputed area by eminent domain, and thus effectively extinguished the equitable remedies sought by plaintiff (i.e., enjoining defendants from entering the property and restoring the property to its mid-1970s status). This leaves only the incidental claim for damages regarding the 1999 ditch digging and we have previously held that “[s]ince the primary relief sought ... is no longer possible, monetary relief cannot be incidentally granted” (Matter of United Pioneer Corp. v Office of Gen. Servs. of State of N.Y., 155 AD2d 849, 850 [1989]; see Matter of Schwab v Bowen, 41 NY2d 907, 908 [1977]). Stated another way, absent the primary claim for equitable relief, plaintiffs claim for monetary damages flowing from the ditch work in 1999 would have been subject to the notice of claim requirement, and the notice filed in October 2002 was not timely. The equitable aspect of the claim having now fallen, the incidental monetary claim expires with it under these circumstances.
The remaining arguments have been considered and found unavailing.
*982 Peters, J.E, Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motion of defendants Town of Middletown, Town of Middletown Highway Department and Town of Middletown Superintendent of Highways; motion granted in its entirety, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.