Friscia v Village of Geneseo (2021 NY Slip Op 04793)





Friscia v Village of Geneseo


2021 NY Slip Op 04793


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


113 CA 20-00642

[*1]DOMINIC FRISCIA, PLAINTIFF-APPELLANT,
v
VILLAGE OF GENESEO, DEFENDANT-RESPONDENT. 






REFERMAT HURWITZ & DANIEL PLLC, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WEBSTER SZANYI LLP, BUFFALO (D. CHARLES ROBERTS, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered December 18, 2019. The judgment granted the motion of defendant to dismiss the amended complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second through fifth causes of action of the amended complaint and as modified the judgment is affirmed without costs.
Memorandum: In approximately June 2015, defendant, Village of Geneseo (Village), started a project to replace drainage pipes and repave Main Street. In order to complete the project, the Village obtained an easement from plaintiff related to his property on Main Street. In October 2015, after the drainage pipes were placed, the Village's contractors paid for landscaping to be performed at plaintiff's property. In June 2016, the Village repaved Main Street. Following completion of the project, plaintiff noticed that water ran from the street toward his property, resulting in continual bouts of flooding and significant erosion to his foundation. Ultimately, the foundation of plaintiff's property collapsed, allegedly as a result of the continual flooding of his property, and plaintiff was required to repair the damage. He thereafter commenced this action against the Village, asserting causes of action for negligence, trespass, nuisance, inverse taking and a permanent injunction.
In lieu of answering, the Village moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), contending that the notice of claim was untimely because it was served well after 90 days of accrual of the negligence cause of action and that plaintiff could not establish his remaining causes of action. Plaintiff opposed the motion and filed an amended complaint, and he now appeals from an order granting the motion. Although the order was subsumed in a subsequent judgment from which no appeal was taken, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [1988]; see also CPLR 5520 [c]). We conclude that Supreme Court erred in granting the motion with respect to the second, third, fourth and fifth causes of action, and we therefore modify the judgment accordingly.
As a preliminary matter, we note that plaintiff does not challenge the court's dismissal of the first cause of action, sounding in negligence, and we thus conclude that plaintiff has abandoned any claim of error in the dismissal of that cause of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). With respect to the remaining causes of action, we agree with plaintiff that the court erred in determining that plaintiff had failed to meet his burden of establishing that "facts essential to justify opposition [to the motion]" could not be stated (CPLR 3211 [d]). Plaintiff opposed the motion on the merits, contending that the "pleadings [were] (at least) sufficient to survive [the Village's] pre-Answer motion to dismiss" despite the lack of discovery.
We further conclude that the court erred in determining that those four causes of action were time-barred by General Municipal Law §§ 50-e (1) (a) and 50-i (1). "[I]t is well settled that a notice of claim is not required for an action brought in equity against a municipality where the demand for money damages is incidental and subordinate to the requested injunctive relief" (Dutcher v Town of Shandaken, 97 AD2d 922, 923 [3d Dept 1983]; see Baumler v Town of Newstead, 198 AD2d 777, 777 [4th Dept 1993]). Viewing the amended complaint in the light most favorable to plaintiff (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the four remaining causes of action alleged continuing harm and primarily sought equitable relief (see Condello v Town of Irondequoit, 262 AD2d 940, 941 [4th Dept 1999]; Baumler, 198 AD2d at 777; Carr v Town of Fleming, 122 AD2d 540, 541 [4th Dept 1986]).
Based on the allegations of the amended complaint, "the coincidental character of the money damages sought is 'truly ancillary to an injunction suit, i.e., there is a continuing wrong presenting a genuine case for the exercise of the equitable powers of the court' " (Dutcher, 97 AD2d at 923). "It is settled law that whether pleaded as trespass or nuisance, a continuous interference with a plaintiff's use or enjoyment of real property gives rise to successive causes of action, and would bar recovery only for damages occurring prior to the applicable period of limitations" (Greco v Incorporated Vil. of Freeport, 16 Misc 3d 1129[A], 2007 NY Slip Op 51635[U], *4 [Sup Ct, Nassau County 2007], affd 66 AD3d 836 [2d Dept 2009]).
We likewise agree with plaintiff that the amended complaint states causes of action for trespass (cf. Boring v Town of Babylon, 147 AD3d 892, 893 [2d Dept 2017]; see generally National Fuel Gas Distrib. Corp. v Push Buffalo [People United for Sustainable Hous.], 104 AD3d 1307, 1309 [4th Dept 2013]), nuisance (see generally Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977], rearg denied 42 NY2d 1102 [1977]) and taking (see Carr, 122 AD2d at 541; cf. Smith v Town of Long Lake, 40 AD3d 1381, 1382-1383 [3d Dept 2007]). Although "[a]n entry cannot be both a trespass and a taking" (Carr, 122 AD2d at 541; see Smith, 40 AD3d at 1382-1383), the issue here is the sufficiency of the pleading, and plaintiff sufficiently pleaded both causes of action, albeit in the alternative.
Based on our determination, we conclude that the amended complaint sufficiently pleaded a cause of action for a permanent injunction (see Caruso v Bumgarner, 120 AD3d 1174, 1175 [2d Dept 2014]; Data-Track Account Servs. v Lee, 291 AD2d 827, 827-828 [4th Dept 2002], lv dismissed 98 NY2d 727 [2002], rearg denied 99 NY2d 532 [2002]; cf. McNeary v Niagara Mohawk Power Corp., 286 AD2d 522, 525 [3d Dept 2001]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court